UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN W. COLEMAN,

        Plaintiff,

   v.

THOMAS J. RIDGE, Secretary, Department of Homeland Security,

        Defendant.
_____/

No. C-05-0431 EMC

**ORDER DENYING PLAINTIFF'S THIRD MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(B)**

On December 17, 2007, Plaintiff John W. Coleman sent a letter to the Court. Based on the letter, it appears that Mr. Coleman wishes to re-open his case. The Court shall construe, for Mr. Coleman's benefit, his letter as another motion for relief from judgment under Rule 60(b).[1] *See Standard Oil Co. v. United States*, 429 U.S. 17, 18-19 (1976) (allowing a district court to entertain a Rule 60(b) motion to reopen a decision that has been affirmed on appeal without obtaining leave from the appellate court). For the reasons stated herein, the Court hereby **DENIES** the motion.

In his motion, Mr. Coleman argues that his case should be re-opened in light of a recent Ninth Circuit decision, namely, *American Federation of Government Employees Local 1 v. Stone*,

---

[1] Previously, Mr. Coleman filed a "request for reconsideration/restatement," which the Court construed as a Rule 60(b) motion. *See* Docket No. 10. The Court denied that motion on May 31, 2005. *See* Docket No. 12. Thereafter, Mr. Coleman sent a letter to the Court on or about May 17, 2006, which the Court construed as a second motion for relief from judgment. The Court denied that motion on July 19, 2006. *See* Docket No. 18.

502 F.3d 1027 (9th Cir. 2007). The Court agrees with Mr. Coleman that *American Federation* is not only binding authority on this Court but also instructive with respect to some aspects of his case.

In *American Federation*, the plaintiff was -- like Mr. Coleman -- a TSA security screener. The plaintiff posted union materials in the employee break room and made union forms available to fellow employees. *See id.* at 1030. In response, TSA management allegedly retaliated against the plaintiff, for example, by issuing him a written verbal warning for conducting union activities on the job, by putting him on administrative leave after he refused to answer questions about his union activities, by issuing him a "Memorandum of Counseling" for, *inter alia*, posting union materials before receiving approval from TSA management, and finally by terminating him. *See id.* Subsequently, the plaintiff brought suit against the TSA Administrator in his official capacity, claiming that his First Amendment rights to free speech and association had been violated inasmuch as the plaintiff was punished for engaging in union activities. *See id.* at 1029.

According to the Ninth Circuit, under the Aviation and Transportation Security Act ("ATSA"), the TSA Administrator has the authority to "'employ, appoint, discipline, terminate, and fix the compensation, terms, and conditions of employment of Federal service for such a number of individuals as the [Administrator] determines to be necessary to carry out . . . screening functions.'" *Id.* at 1030 (quoting ATSA § 111(d)). Pursuant to that authority, "the TSA Administrator issued a Human Resources Management Letter dated July 29, 2002, which declared that all screeners are subject to a one year probationary period and 'may be terminated at any time' during that period." *Id.* at 1031. The TSA letters further stated that screeners (unlike non-screeners) had no right to reply to a termination letter or to bring an administrative appeal. *Id.* In contrast, other employees can appeal personnel decisions to the MSPB and seek judicial review thereof.

The plaintiff in *American Federation* was a probationary screener, having been employed by the TSA for less than one year. *See id.* The question for the Ninth Circuit was whether the above provisions precluded the plaintiff not only from pursuing remedies before the MSPB, but also from obtaining any judicial review of his constitutional claim. The Ninth Circuit concluded that although the plaintiff had no statutory right to appeal his termination under the Civil Service Reform Act

("CSRA") and could not seek relief from the MSPB[2], he did have a right to judicial review of his *constitutional* claim for equitable relief under the First Amendment. *See id.* at 1036. The Ninth Circuit explained that, under Supreme Court precedent, there must be a clear intention on the part of Congress to prohibit judicial review of a constitutional claim -- because otherwise there would be a serious constitutional question if a federal statute were construed to deny a judicial forum for a colorable constitutional claim. The Ninth Circuit found the ATSA did not reflect such a clear intention and thus did not preclude such judicial review. *See id.* Notably, however, the Ninth Circuit indicated that the above rule favoring judicial review did *not* apply where the claim involved was not a constitutional one. *See id.* ("When Congress decides to exclude an employee from the protections of the CSRA . . . , *Fausto* precludes the employee from obtaining judicial review of statutory or regulatory claims.").

As noted above, *American Federation* is instructive authority. It clarifies the statutory framework for employment of TSA security screeners. Under the ATSA and the TSA letter, screeners, unlike other TSA employees, have no administrative remedies to challenge their termination.[3] They may, however, obtain judicial review of constitutional claims sounding in equity where the plaintiff has no other remedy.

This Court's previous order dismissing the amended complaint appears to have been in error inasmuch as it based its dismissal in part upon Mr. Coleman's failure to exhaust remedies under the CSRA. *American Federation* now makes clear that screeners such as Mr. Coleman have no remedies under the CSRA, but instead may challenge constitutional violations by the TSA directly in federal court by seeking equitable relief (but not damages) therein. Nonetheless, Mr. Coleman's claim for relief under Rule 60(b) must be denied for several reasons.

First, the Ninth Circuit has said that "a change in the applicable law after a judgment has become final in all respects is not a sufficient basis for vacating the judgment." *Tomlin v. McDaniel*,

---

[2] The parties apparently agreed that, because of § 111(d), the "CSRA" did not apply to the plaintiff's case. *See American Federation of Government Employees, Local 1 v. Stone*, C-04-1274 CW (Docket No. 20, at 5). The Ninth Circuit did not appear to take issue with this.

[3] An exception may exist as this Court noted in its earlier Order Dismissing Plaintiff's Amended Complaint of May 2, 2005 for reprisals for whistleblowing in violation of 5 U.S.C. § 2302(b)(8).

3

865 F.2d 209, 210 (9th Cir. 1988); *see also Delay v. Gordon*, 475 F.3d 1039, 1046 n.13 (9th Cir. 2007) (citing *Tomlin* for the proposition that there is no relief under either Rule 60(b)(5) or 60(b)(6) based on a change in decisional law). *See also Clifton v. Attorney General of the State of California*, 997 F.2d 660, 664-65 (9th Cir. 1993) (accord). Under the Ninth Circuit's ruling in *Tomlin*, this Court may not reopen the judgment even in light of the *American Federation* case.

Second, even if this Court had the power to reconsider and reopen the case, unlike the plaintiff in *American Federation*, Mr. Coleman has not asserted any cognizable constitutional claim against the government. In his earlier appeal, the Ninth Circuit already adjudicated Mr. Coleman's retaliation claim and denied it on the merits. To the extent Mr. Coleman suggests that he has another constitutional claim based on Article VI, clause 3, of the Constitution, this provision simply states in relevant part that "all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution . . . ." U.S. Const., Art. VI, Cl. 3. Mr. Coleman has not cited any authority establishing that, under this provision, termination of an executive or judicial officer who takes this oath *ipso facto* violates the constitution. *See* Order of 3/22/05, at 3 ("[T]he thrust of Mr. Coleman's complaint is that, on or about October 13, 2002, he was hired by the TSA as a transportation security screener but that, only hours after being sworn in and filling out paperwork, was wrongfully terminated."). In contrast, the plaintiff in *American Federation* was engaged in union organizing activity, conduct protected by the First Amendment for which he was allegedly punished.

///
///
///
///
///
///
///
///
///

Thus, although the Ninth Circuit's decision in *American Federation* indicate this Court erred in its procedural analysis of Mr. Coleman's rights and remedies under the CSRA, the Ninth Circuit's decision in *Tomlin* prevents this Court from reconsidering its earlier judgment. Even if the Court could reconsider, because no cognizable constitutional claim (such as a violation of the First Amendment) is alleged, the Ninth Circuit's decision in *American Federation* would not change the outcome in the instant case.[4]

IT IS SO ORDERED.

Dated: January 8, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

---

[4] The Court does not address whether Mr. Coleman can file a new lawsuit based on a claim different than the one alleged in his complaint herein.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN W. COLEMAN,

         Plaintiff,

   v.

THOMAS J. RIDGE, Secretary, Department of Homeland Security,

         Defendant.
_____/

No. C-05-0431 EMC

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

John W. Coleman
P.O. Box 996
Alameda, CA 94501

Dated: January 8, 2008                    RICHARD W. WIEKING, CLERK

                                                By: _____/s/_____
                                                       Leni Doyle
                                                       Deputy Clerk